UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

CHAPTER 13 PLAN COVER SHEET

Filing Date: September 28, 2011         Docket #: 11-19152

Debtor: Linda B. Wood-Boyle             Co-Debtor: Douglas R. Wood-Boyle

SS#: XXX-XX-6285                        SS#: XXX-XX-9625

Address: 61 Victory Road, Unit 3        Address
                                        \\   //
Dorchester, MA 02122


Debtor's Counsel: Jeffrey M. Frankel, Esq.

40 Willard Street, Suite 101

Quincy, MA 02169

Telephone #: (617) 302-4321

Facsimile #: (617) 481-0756

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL FIVE DAYS* AFTER THE SECTION 341 MEETING TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DISTRICT

CHAPTER 13 PLAN

**Docket #11-19152**

DEBTORS:   (D) Linda B. Wood-Boyle         SS# XXX-XX-3133
           (D) Douglas R. Wood-Boyle       SS# XXX-XX-9625

I.   PLAN PAYMENT:   Debtor(s) to pay monthly to the Trustee the sum of $155.00 for the term of:

☐ 36 Months.        11 USC §1325 (b)(4)(A)(i)
X 60 Months.        11 USC §1325 (b)(4)(A)(ii)
   60 Months.       11 USC §1322 (d)(2)
☐ ____ Months       The Debtor states as reasons therefore: _____.

II.  SECURED CLAIMS:

   A. CLAIMS TO BE PAID THROUGH THE PLAN (INCLUDING ARREARS):

   | Creditor | Description of claim (pre-petition arrears, purchase money, etc.) | Amount of claim |
   |---|---|---|
   | BAC Home Loans Svc<br>PO Box 650070<br>Dallas, TX | First Mortgage<br>Pre-petition arrears | $ 8,400.00 |
   | Total of secured claims to be paid through the Plan: | | $ 8,400.00 |

   B. CLAIMS TO BE PAID DIRECTLY TO CREDITORS (Not through Plan)

   | Creditor | Description of claim (pre-petition arrears, purchase money, etc.) |
   |---|---|
   | Bank of America<br>PO Box 660694<br>Dallas, TX 75266 | post-petition mortgage pmts<br>1st Mortgage |

C. Modification of Secured Claims:

1. Second mortgage on 61 Victory Road, Dorchester, MA, to Bank of America is avoided in its entirety as wholly unsecured. No payments forthcoming. Recording of the this Chapter 13 Plan, Confirmation Order and Discharge shall serve to discharge of record the second mortgage to Countrywide Home Loans, Inc. and Mortgage Electronic Registrations Systems, Inc. recorded at the Suffolk County Registry of Deeds in Book 43203, Page 277.

D. Leases

i. Chase Auto Lease Payments to be maintained post-petition.

III. PRIORITY CLAIMS

A. Domestic Support Obligations:

None

B. Other:

| Creditor | Description of claim | Amount of claim |
|---|---|---|
| None | | |

Total of priority claims to be paid through the Plan:    $8,931.81

IV. ADMINISTRATIVE CLAIMS

A. Attorneys fees    $ 0.00
(to be paid through the plan during the first 12 months of the plan).

B. Miscellaneous fees:

| Creditor | Description of claim | Amount of claim |
|---|---|---|
| _____ | _____ | $ None |

C. The Chapter 13 Trustee's fee is determined by Order of the United states Attorney General. The calculation of the Plan payments set forth utilizes a 10% Trustee's commission.

IV. UNSECURED CLAIMS

The general unsecured creditors shall receive a dividend of    0%

A. General unsecured claims:    $ 86,039.19

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| Bank of America | Unsecured 2nd Mtg | $ 50,998.28 |

 C. Non-Dischargeable Unsecured Claims (Not through Plan):

  Sallie Mae      $   9,470.00

  Total of Unsecured Claims (A+B+C):    $ 146,507.47

 D. Multiply total by percentage of dividend:    $   0.00

 E. Separately classified unsecured claims (co-borrower/student loans, etc.)

  Total amount of separately classified claims payable at _____ %   $   0.00

V. OTHER PROVISIONS

 A. Liquidation of assets to be used to fund plan:   None.

 B. Modification of Secured Claims: Set forth details of modifications below or on attached sheets. This information should include name of creditor and detailed explanation of the modification. The total amount of the secured claim that is to be paid through the plan (exclusive of interest) should be set forth in Section I of this Plan.

 Unsecured second mortgage to Bank of America is avoided as described in Section II C above.

 C. Miscellaneous provisions:   Time Share located at InnSeason Resorts Surfside, Falmouth, MA is abandoned and surrendered.

VI. CALCULATION OF PLAN PAYMENT

a. Secured claims (Section I-A Total):      $   8,350.00
b. Priority claims (Section II Total):      +$   0.00
c. Administrative claims (Section III A+B Total):    +$   0.00
d. General unsecured claims (Section IV-C Total)    +$   0.00
e. Separately classified unsecured claims     +$   0.00
f. Total of (a) through (e) above:      =$   8,350.00
g. Divide (f) by .90 for total including
 Trustee's fee:  $ 9327.78    Cost of Plan   =$   9,277.78
  (This represents the total amount to be paid into the chapter 13 plan)

h. Divide (g) Cost of Plan by Term of Plan:      60 months

i. Round up to nearest dollar:    Monthly Plan Payment:   $155.00

Pursuant to 11 U.S.C. ss1326(a)(1), unless the Court orders otherwise, a debtor shall commence making the payments proposed by a plan within thirty (30) days after the plan is filed. Pursuant to 11 USC 1326(a)(1)(C), the Debtor shall make pre-confirmation adequate protection payments directly to the secured creditor.

**************************************************************************
## LIQUIDATION ANALYSIS

I.  **Real Estate:**

| Address | Fair Market Value | Recorded Liens (Schedule D) |
|---|---|---|
| 61 Victory Road, Unit 3 Dorchester, MA | 228,900.00 | $281,189.15 |
| Timeshare InnSeason Resorts Surfside | unknown-less than $2000 | $ 2094.02 (common Charges) |

Total Net Equity for Real Property:  $ __0.00__
Less Exemptions:(Schedule C)        $ __0.00__
Available Chapter 7:  $ __0.00__

II.  **Automobile (Describe year, make and model):**

<u>None</u>

Net Value of Equity:          $ __0.00__
Less Exemptions (Schedule C): $ __0.00__
Available Chapter 7:          $ __0.00__

III.  **All other Assets** (All remaining items listed on Schedule B):
(Itemize as necessary)

| | | Value | Liens | Exemption | Available Ch 7 |
|---|---|---|---|---|---|
| A. | Checking/Sav Accounts | $ 2,955.78 | $ 0.00 | $ 2,955.78 | $ 0.00 |
| B. | Clothing | $ 800.00 | $ 0.00 | $ 800.00 | $ 0.00 |
| C. | Household Furnishings | $ 3,000.00 | $ 0.00 | $ 3,000.00 | $ 0.00 |
| D. | Jewelry | $ 1,000.00 | $ 0.00 | $ 1,000.00 | $ 0.00 |
| E. | Cash Surrender Life Ins. | $ 3,847.25 | $ 0.00 | $ 3,847.25 | $ 0.00 |
| F. | IRA | $ 4,069.22 | $ 0.00 | $ 4,069.22 | $ 0.00 |
| G. | PIA Pension/401K Plan | $ 12,841.30 | $ 0.00 | $12,841.30 | $ 0.00 |
| H. | TIA CREFF Pension | $ 33,765.84 | $ 0.00 | $33,765.84 | $ 0.00 |

Value: $ __62,279.39__    Less Exemptions (Schedule C):    $62,279.39

Available Chapter 7:    $ 0.00

SUMMARY (Total amount available under Chapter 7):  $0.00

Pursuant to the Chapter 13 rules, the debtor or his or her counsel is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a certificate of service accordingly.

/s/ Jeffrey M. Frankel

_____
Debtor's Counsel

40 Willard St. Ste 107
Quincy, MA 02169
(617) 628-5505

Date: 9/29/11

I, WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.

X _____ 9/29/2011
Linda B. Wood-Boyle

X _____ 9/29/2011
Douglas R. Wood-Boyle

STATEMENT PURSUANT TO 11 U.S.C. 1322(d)

The Debtor hereby states that a review of their household income as compared to current monthly expenses indicates that the available net disposal income is insufficient to complete a plan without the benefit of a sixty (60) month time frame.

X _____ 9/29/2011
Linda B. Wood-Boyle

X _____ 9/29/2011
Douglas R. Wood-Boyle